COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


MARRON FRANKLIN ANTHONY NOWLIN
                                                      MEMORANDUM OPINION[*] BY
v.        Record No. 3050-05-4                JUDGE ROSEMARIE ANNUNZIATA
                                                      DECEMBER 12, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Lisa B. Kemler, Judge

Joan C. Ruff, Senior Assistant Public Defender, for appellant.

Karri B. Atwood, Assistant Attorney General (Robert F. McDonnell,
Attorney General, on brief), for appellee.


        Appellant, Marron Franklin Anthony Nowlin (Nowlin), was convicted of possession of

cocaine.  He appeals his conviction and argues that the trial court erred by denying his motion to

suppress because the police conducted a warrantless strip and body cavity search.  Finding no

error, we affirm the judgment of the trial court.

BACKGROUND

        On appeal of the denial of a motion to suppress, we consider the evidence adduced at

both the suppression hearing and the trial, DePriest v. Commonwealth, 4 Va. App. 577, 583, 359

S.E.2d 540, 542-43 (1987), and we view that evidence in the light most favorable to the

Commonwealth, Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48

(1991).  "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or

without evidence to support them," McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

259, 261 (1997) (*en banc*), but we review *de novo* the trial court's application of defined legal standards such as reasonable suspicion and probable cause to the particular facts of the case, see Ornelas v. United States, 517 U.S. 690, 699 (1996).

On March 26, 2005, Officers Seth Weinstein and Kha Le were dispatched to an apartment building after Nowlin's wife contacted the police, informing them Nowlin was armed and under the influence of drugs. Prior to arriving at the scene, Weinstein learned there was an outstanding warrant against Nowlin.

Weinstein apprehended Nowlin, handcuffed him, and placed him in his police cruiser, intending to transport him to the police station for booking. Another officer on the scene informed Weinstein that Nowlin's wife reported Nowlin was concealing cocaine in his buttocks area.

Weinstein and Le took Nowlin to an area hidden from public view. Weinstein pulled Nowlin's pants and underwear straight out from his body and shined a flashlight in the area. Weinstein observed a clear plastic bag protruding several inches from between Nowlin's clenched buttocks. Based on his experience and the information received from Nowlin's wife, Weinstein suspected the bag contained narcotics. Le reached into Nowlin's pants, grabbed the protruding portion of the bag, and removed the item. The bag contained eleven rocks of crack cocaine.

### ANALYSIS

Nowlin argues he was subjected to an impermissible, warrantless strip and body cavity search.

We note that the Fourth Amendment proscribes only "unreasonable searches and seizures," McNair v. Commonwealth, 29 Va. App. 559, 563, 513 S.E.2d 866, 868 (1999) (*en banc*), not reasonable ones. A standard "not capable of precise definition or mechanical

application," Bell v. Wolfish, 441 U.S. 520, 559 (1979), reasonableness hinges on the facts of each case. Depending upon the circumstances, reasonableness may permit police officers to conduct warrantless searches ranging from "a generalized search of the person to the more intrusive strip search or body cavity search." Hughes v. Commonwealth, 31 Va. App. 447, 455, 524 S.E.2d 155, 159 (2000) (*en banc*).

> "A strip search generally refers to an inspection of a naked individual, without any scrutiny of his body cavities. A visual body cavity search extends to a visual inspection of the anal and genital areas." Commonwealth v. Thomas, 429 Mass. 403, 708 N.E.2d 669, 672 n.4 (1999). "A 'manual body cavity search' includes some degree of touching or probing of body cavities." Cookish v. Powell, 945 F.2d 441, 444-45 n.5 (1st Cir. 1991).

McCloud v. Commonwealth, 35 Va. App. 276, 282-83, 544 S.E.2d 866, 868-69 (2001).

### Strip Search

In McCloud, this Court declined to treat a search as an improper strip search when the evidence established that the officers only "pulled back [McCloud's] underwear in the front." 35 Va. App. at 279, 544 S.E.2d at 867. There, we noted that "[w]e have found no cases, nor has appellant cited any, that include 'arranging' of the suspect's clothing in a definition of 'strip search.'" Id. at 282, 544 S.E.2d 868. Similarly, in this case, Weinstein pulled back the waistband of appellant's underwear and looked inside, immediately spotting the bag containing narcotics.

Nowlin's reliance on Kidd v. Commonwealth, 38 Va. App. 433, 565 S.E.2d 337 (2002), is misplaced. In Kidd, the officer conducting the search "[l]ook[ed] into Kidd's underwear for drugs" and "inspect[ed] Kidd's partially-naked body." Id. at 446, 565 S.E.2d at 343. In this case, the evidence indicates that the officers could not see Nowlin's genitals or anus when pulling back his underwear. Thus, as in McCloud, and unlike in Kidd, the officers did not view Nowlin's genital or anal area and he simply was not subjected to a "strip search."

In Hughes, upon which Nowlin relies, we held Hughes was subjected to a visual and physical body cavity search when the police

> had Hughes bend over to expose his anus, enabling [the officer] to visually inspect the anus. The visual search became more intrusive when [the officer] "told" Hughes to cough in order to expand the officer's view of the anus and an even more intrusive physical body cavity search when [the officer] removed the plastic bag from Hughes' anal cavity.

Hughes, 31 Va. App. at 455-56, 524 S.E.2d at 159.

In this case, Weinstein and Le merely looked into Nowlin's underwear and immediately observed a bag protruding several inches from Nowlin's clenched buttocks, not his anal cavity. The officers neither viewed nor touched Nowlin's anus or anal cavity. Instead, Le touched only the protruding portion of the bag and removed the item from Nowlin's underwear. Therefore, the officers did not subject Nowlin to either a visual or physical body cavity search.

## Exigent Circumstances

Nowlin properly notes that "a warrantless search involving a bodily intrusion, even though conducted incident to a lawful arrest, violates the Fourth Amendment unless (1) the police have a 'clear indication' that evidence is located within a suspect's body and (2) the police face exigent circumstances." Commonwealth v. Gilmore, 27 Va. App. 320, 330-31, 498 S.E.2d 464, 469 (1998). However, Nowlin's argument that the search in this case failed to meet these two conditions is unavailing under the facts of this case, as no strip or body cavity search occurred.

For the reasons noted above, the trial court did not err by denying Nowlin's motion to suppress the evidence obtained during the search incident to his arrest. Therefore, we affirm the decision of the trial court.

Affirmed.